IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 19-cv-03661-RM-STV

DARRON WILLIAMS,

    Plaintiff,

v.

JOHN DOE #1, MAINTENANCE WORKER

    Defendant.

---

# ORDER

---

Magistrate Judge Scott T. Varholak

    This civil action is before the court on Plaintiff's Second Motion for Additional Time to Subpoena Records to Identify John Doe #1 [#37] and Motion For Issuance Of Subpoena For The Production Of Documents Pursuant To Federal Rules Of Civil Procedure 45. [#38]  Through the Motions, Plaintiff requests a 45 day extension to file his third amended complaint and for the Court issue subpoenas for the production of documents from Sergeant Tony Lopez, Jr. and Executive Director of Human Resources Karen Niparko, both of the Denver County Sheriff's Office.  [*Id.*]  This Court has carefully considered the Motions and related briefing, the case file and the applicable case law.  For the following reasons, the Motion for Additional Time [#37] is **GRANTED** and the Motion to Issue Subpoena [#38] is **GRANTED in part** and **DENIED in part**.

**I.     BACKGROUND**[1]

On March 28, 2018, while Plaintiff was incarcerated at the Denver County Jail, John Doe #1, a maintenance worker at the jail, responded to a work order in Plaintiff's cell. [#22 ¶¶ 13, 15] While there, John Doe #1 fondled Plaintiff's genitalia and attempted to masturbate him. [*Id.* at ¶ 16] On April 2, 2018, John Doe #1 saw Plaintiff and instructed Plaintiff to put in a request to be moved to a single cell and then to submit a work order. [*Id.* at ¶¶ 18-19] John Doe #1 again went to Plaintiff's cell on May 24, 2018 to fulfill a work order; during the visit he "aggressively shoved his hands in [Plaintiff's] pants and told [Plaintiff] that he wanted to see his 'junk' 'rock hard,'" as well as attempting to get Plaintiff to touch John Doe's genitals. [*Id.* at ¶¶ 20-22]

Plaintiff was later moved from the Denver County Jail to the Colorado Department of Corrections, where he submitted a sexual assault complaint pursuant to the Prisoner Rape Elimination Act ("PREA"). [*Id.* at ¶¶ 23-24] Plaintiff subsequently identified John Doe #1 in a photo lineup, but was informed by prison investigators that John Doe #1 no longer worked for the Sheriff's Department and therefore could not be punished. [*Id.* at ¶¶ 28-30]

Plaintiff filed the instant civil lawsuit on December 23, 2019. [#1] The Second Amended Complaint asserts Eighth and Fourteenth Amendment Claims under section 1983 against John Doe #1.[2] [#22 at ¶¶ 31-76] On August 8, 2020 the Court issued an Order to Show Cause instructing Plaintiff to file a Third Amended Complaint by

---

[1] The Court draws factual allegations from the operative complaint—Plaintiff's Second Amended Complaint [#22]—to provide context for the instant Motion.

[2] The Second Amended Complaint also asserted claims against John Doe #2 and John Doe #3, who were dismissed from the action by the Court on July 14, 2020. [## 24, 25]

September 15, 2020.  [#30]  Plaintiff failed to file a complaint by that date and the Court issued a Recommendation of Dismissal for failure to prosecute.  [#31]  On September 28, 2020, Plaintiff filed Motions for additional time and for the issuance of a subpoena. [## 32, 33]   The Court thereafter granted the extension of time, withdrew the Recommendation of Dismissal, and  granted Plaintiff leave to file a motion for the issuance of subpoena's through the U.S. Marshal Service.  [#35]  The Court also warned Plaintiff that failure to file an Amended Complaint by November 16, 2020 or failure to comply with Court orders would result in dismissal of the action.  [*Id.*]

On November 16, 2020, Plaintiff filed the instant motions seeking a further extension of time to identify John Doe #1 and file a Third Amended Complaint and requesting the Court issue two subpoenas.  [## 37, 38]

## II.     ANALYSIS

### A. Motion for Additional Time

Plaintiff first seeks a further 45 day extension of time to identify John Doe #1 and file a Third Amended Complaint.  [#37]  The Court granted Plaintiff leave to file a motion for issuance of a subpoena in order to obtain information about John Doe #1, and provided detailed instructions for the content of that motion, more than 45 days ago, yet Plaintiff failed to take any action until the day the deadline expired.  The Court notes that the Motion for Additional Time does not include any explanation for why Plaintiff has yet to identify John Doe #1, nor an explanation of what steps Plaintiff has taken to accomplish that task during the previous extension.

Nevertheless, the Court GRANTS Plaintiff's [#37] Motion for 45 days of additional time to file a third amended complaint that identifies and provides an address for service upon John Doe #1.  The Court cautions Plaintiff that further extensions will only be granted upon good cause shown why the complaint should not be dismissed for failure to conduct a reasonable and timely inquiry into the identity of Defendant John Doe #1.

### B. Motion for Subpoena

Plaintiff next seeks, in [#38] Motion for Issuance of Subpoena for the production of documents to be issued and served upon Sergeant Tony Lopez, Jr. and Executive Director of Human Resources Karen Niparko, both of the Denver County Sheriff's Office.

Pursuant to Rule 45(b)(1), "[s]erving a subpoena requires delivering a copy to the named person."  Because Plaintiff is incarcerated and proceeding in forma pauperis, any subpoena requested by Plaintiff will have to be served by the United States Marshal.  In order to ensure the proper and efficient expenditure of the Court's and the Marshal's resources, courts in this District have been unwilling to issue blank, signed subpoena forms when those subpoenas will have to be served by the Marshal.  *See, e.g.*, *Richardson v. Ricard*, No. 09-cv-01609-REB-MEH, 2010 WL 1957215, at *2 (D. Colo. May 13, 2010); *Mauchlin v. Bier*, No. 07-cv-02593-CMA-MEH, 2009 WL 1384136, at *1 (D. Colo. May 12, 2009); *Pinson v. Revell*, No. 08-cv-01023-MSK-BNB, 2008 WL 5233592, at *1 (D. Colo. Dec. 15, 2008).  Instead, these courts have required the party to submit a request for subpoena that includes the following information:

> (1) the name and address of the witness(es) he wishes to subpoena, and
> (2) a detailed explanation of the purpose of the subpoena, including

4

> whether he is seeking to take testimony from the witness or whether he is seeking production of documents from the witness, or both. If the plaintiff is seeking to take testimony from the witness, he must describe the subject matter he wishes to cover and explain why the testimony sought is relevant or reasonably calculated to lead to the discovery of admissible evidence. Fed. R. Civ. P. 2[6](b)(1). If the plaintiff is seeking production of documents, he must describe the documents with specificity and explain why the documents sought are relevant or reasonably calculated to lead to the discovery of admissible evidence. Fed. R. Civ. P. 26(b)(1).

*Pinson*, 2008 WL 5233592, at *1.

In the Motion, Plaintiff first seeks the production of documents from Sergeant Tony Lopez, Jr. of the Denver County Sheriff's Office. [#38 at ¶ 2] Plaintiff appears to request from Sgt. Lopez the production of the report Plaintiff filed with Sgt. Lopez regarding the sexual assault. [*Id.* at ¶ 3] Plaintiff additionally seeks production of documents from Karen Niparko, Executive Director of Human Resources for the Denver County Sheriff's Office. [*Id.* at ¶ 4] From Ms. Niparko Plaintiff appears to be requesting a copy of Plaintiff's inmate records from the time he spent in Denver County Jail. [*Id.* at ¶¶ 7-8] Plaintiff also requests John Doe #1's employment file, [*id.* at ¶ 11], and a copy of the employment files for all Denver County Sheriff's Department employees "whose employment was terminated within 2 months of Plaintiff's report of the sexual assault" [*id.* at ¶ 12].

Plaintiff does not provide analysis for the individual documents requested, rather he states generally that the documents are "relevant because without them, Plaintiff cannot identify John Doe #1 and Plaintiff is unable to continue his case." [*Id.* at ¶ 13] He further argues that the cost of turning over these

5

documents is "relatively minor with respect to the interest of justice Plaintiff seeks" and that he is unable to obtain the documents through other means. [*Id.* at ¶¶ 14-15]  Finally, Plaintiff states that as part of his report of the assault, Plaintiff identified John Doe #1 and that Plaintiff's file should contain that identification. [*Id.* at ¶¶ 6, 8]

The Court therefore considers the subpoena requests pursuant to the *Pinson* and Fed. R. Civ. P. 26(b)(1) standards. Plaintiff has sufficiently identified the name and addresses of those he wishes to subpoena.  He has additionally identified the relevance of seeking his personal inmate records and the report he submitted regarding the assault as being necessary to identify John Doe #1, who he believes is identified in those files.  He has further identified his lack of access and the relative proportionality of these requests.  Therefore, the Court GRANTS in PART the Motion [#38], only to the degree it seeks to subpoena Sergeant Lopez for the assault report and Ms. Niparko for the reports and records pertaining to the assault at issue and to the identity of the John Doe employee identified by Plaintiff in the photo lineup.

However, in the Motion Plaintiff fails to explain why the employment files for all Denver County Sheriff's Department employees "whose employment was terminated within 2 months of Plaintiff's report of the sexual assault" are necessary to identifying John Doe #1, who Plaintiff states will be identifiable from Plaintiff's inmate records.  [*Id.* at ¶ 12]  It moreover does not explain the

relevance of John Doe #1's entire employment file.  As such, the Court DENIES the Motion [#38] to the degree it seeks those documents.

## III.     CONCLUSION

For the foregoing reasons, Plaintiff's Second Motion for Additional Time to Subpoena Records to Identify John Doe #1 [#37] is **GRANTED** and Plaintiff's Motion For Issuance Of Subpoena For The Production Of Documents Pursuant To Federal Rules Of Civil Procedure 45 [#38] is **GRANTED IN PART** and **DENIED IN PART**.  The Clerk of Court is directed to issue a Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Case, directed to Sgt. Tony Lopez, Jr. 490 W. Colfax Avenue, Denver, CO 80204, and Karen Niparko, 201 W. Colfax Avenue, Denver, CO 80202, commanding the production of the following documents to Plaintiff's attorney, Selvoy Peterson Fillerup, at 2500 South York Street, Suite 103, Denver CO 80210 within 30 days of service of the subpoena:

(1) Copies the report file by Plaintiff with Sgt. Lopez regarding John Doe #1's sexual assault of Plaintiff during 2018;

(2) Copies of records in Plaintiff's inmate records regarding Plaintiff's assault, his identification of John Doe #1 in a photo lineup, and the identity of John Doe #1.

**SO ORDERED.**

DATED: November 18, 2020                      BY THE COURT:

                                              s/Scott T. Varholak_____
                                              United States Magistrate Judge